## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JERMAINE WRIGHT (#901116363)**                                      **CIVIL ACTION**

**VERSUS**

                                                                                               **20-149-SDD-RLB**

**SGT. KENNETH J. CAMALLO, JR.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JERMAINE WRIGHT (#901116363)**          **CIVIL ACTION**

**VERSUS**

**20-149-SDD-RLB**

**SGT. KENNETH J. CAMALLO, JR.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendant Sgt. Kenneth J. Camallo, Jr. (R. Doc. 25). The Motion is not opposed.

The *pro se* plaintiff, a person formerly confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sgt. Camallo complaining that his constitutional rights were violated due to the use of excessive force. He seeks monetary relief.

Defendant Camallo moves for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, the affidavits of Lt. Thomas Jason Sibley, Cpl. Kirt Allen, and Sgt. Kenneth J. Camallo, Jr., and an April 26, 2019 Arrest Warrant. The plaintiff has not filed an opposition and his Complaint (R. Doc. 1) is not verified.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the

opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

The sole allegation in the complaint is that excessive force was used against the plaintiff in violation of 42 U.S.C. § 1983 sometime between April and May of 2019 when the Baton Rouge Police "let K-9 unit attack me while in handcuffs [sic] in front of my kids between April-May 2019." *See* R. Doc. 1.

In response to the plaintiff's allegations, defendant Camallo has asserted that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As

enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. Specifically, the Court finds that there is no disputed question of material fact as to whether defendant Camallo used excessive force during the arrest of the plaintiff.

It is a violation of the Fourth Amendment for an officer to use excessive or unreasonable force in the context of an arrest. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). To prevail on an excessive force claim, "[a] plaintiff must show (1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness ... was clearly unreasonable." *Collie v. Barron*, 747 F. App'x. 950, 952 (5th Cir. 2018) (citations omitted). Unreasonableness and excessiveness are viewed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20–22 (1968)).

In order for a prison official to be found liable under § 1983 in their individual capacity, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the

actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

The record in this matter shows that defendant Camallo was not personally and directly involved in the use of force by K-9 Bruno or that there is a causal connection between the actions of defendant Camallo and the use of force by K-9 Bruno. Rather, the summary judgment evidence submitted by the defendant shows the following: On May 7, 2019, defendant Camallo was asked by Cpt. Cummings to assist with the apprehension and the arrest of the plaintiff. Since the plaintiff was known to flee from the police, was likely to be armed, and posed a threat to innocent civilians, assistance from the Baton Rouge Police Department Canine Unit was also requested. Cpl. Kirt Allen and his police K-9, "Bruno," assisted in the plaintiff's apprehension.

Defendant and others arrived, identified the plaintiff, identified themselves, and instructed him not to move. The plaintiff immediately fled. Cpl. Allen yelled K-9 warnings to the plaintiff, but he continued to flee. Bruno was then released by Cpl. Allen and he apprehended the plaintiff under the carport shortly thereafter. The plaintiff refused to obey commands, resisted, and kicked Bruno.

People from the inside of the house began to push the front door open while yelling as they attempted to come outside into the carport where the plaintiff and Bruno were located. Officers commanded the people in the house to remain inside, but they failed to obey.

Bruno grabbed and removed the plaintiff's shoe as the plaintiff continued to kick Bruno and resist. Cpl. Allen yelled for defendant Camallo to handcuff the plaintiff as other officers attempted to control the scene while Allen held onto Bruno by his collar. Once defendant Camallo was in position to handcuff the plaintiff, Cpt. Allen commanded Bruno to cease, and the dog complied.

Defendant Camallo had no control over Bruno, nor did he attempt to control Bruno. Bruno was handled solely by Cpl. Allen who is a trained and certified canine handler. Bruno did not bite the plaintiff after he was handcuffed.

In addition to the foregoing, the Court notes that Plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts

show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 F. App'x. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to be heard, Plaintiff has not come forward with any opposition to Defendant's Motion for Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute Defendant's assertions that he is entitled to qualified immunity. Accordingly, based upon Plaintiff's failure in this case to oppose Defendant's motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that Defendant's motion is well-taken and that, on the record before the Court, defendant Camallo is entitled to summary judgment as a matter of law.

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the exercise of supplemental jurisdiction over the plaintiff's potential state law claims be declined. It is further recommended that the defendant's Motion for Summary Judgment (R. Doc. 25), be granted, dismissing the plaintiff's action with prejudice.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**